Roman Cazares **PIMENTEL;**
et al., Petitioners,

v.

Michael B. **MUKASEY, Attorney**
**General, Respondent.**

No. 07–73386.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2008.*

Filed Feb. 15, 2008.

Roman Cazares Pimentel, Riverside, CA, pro se.

Lucila Martinez Morales, Riverside, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WALLACE, LEAVY and RYMER, Circuit Judges.

MEMORANDUM **

We have reviewed the response to the court's December 24, 2007 order to show cause. We *sua sponte* deny this petition for review because the questions raised are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). The Board of Immigration Appeals did not abuse its discretion in denying petitioners Cazares Pimentel Roman and Lucila Martinez Morales' motion to reopen where they did not demonstrate prima facie eligibility for relief under the Convention Against Torture ("CAT"). *See Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 869–70 (9th Cir.2003) ("prima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen"); 8 C.F.R. § 1208.16(c)(2) (applicant for CAT relief must prove "it is more likely than not that he or she would be tortured if removed to the proposed country of removal"). Accordingly, this petition for review is denied.

All pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.